## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MISHELE H. SILEO,

Plaintiff,                                                   Case No. 8:22-cv-02524

v.

NATIONAL ENTERPRISE SYSTEMS, INC,

Defendant.
_____/

## COMPLAINT

**NOW COMES** Mishele H. Sileo, through her undersigned counsel, complaining of National Enterprise Systems, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, a substantial portion the events or omissions giving rise to the claims occurred within the Middle District of Florida, and Plaintiff resides in the Middle District of Florida.

1

**PARTIES**

4. Mishele H. Sileo ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in St. Petersburg, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. National Enterprise Systems, Inc., ("Defendant or NES") is a debt collection company organized and existing under the laws of Ohio.

7. NES maintains its principal place of business in Solon, Ohio.

8. NES is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of its business is the collection of debt owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

9. Prior to the events giving rise to this action, Plaintiff applied and obtained a line of credit with Discover Bank.

10. Unfortunately, Plaintiff fell behind on her financial obligation to Discover and accrued a past due balance of approximately $2,200 ("subject debt").

11. In or around November 2018, Plaintiff and Discover reached a settlement agreement to pay off the subject debt in the amount of $1,600.

12. On November 2, 2018, Plaintiff made a settlement payment of $1,600 to fulfill her financial obligations owed to Discover.

13. Plaintiff presumed there were no other debts owed to Discover as the payment had been completed in 2018 with no issue.

14. In or around February 2022, NES began placing collection calls to Plaintiff in an attempt to collect an alleged balance of $1,600 owed to Discover.

15. In or around March 2022, Plaintiff contacted NES to inform its offices that the alleged subject debt they were collecting on was paid back in November 2018 to Discover as part of a

settlement reached between the two parties.

16. Moreover, Plaintiff then requested that NES cease its collection calls to her telephone.

17. In response, NES indicated that it would contact Discover to confirm the settlement between the parties.

18. Shortly thereafter, NES began placing additional collection calls to Plaintiff's telephone regarding the alleged subject debt.

19. On April 15, 2022, Plaintiff missed a call from NES. Plaintiff then placed a return call to NES to gather additional information.

20. The call began by NES providing Plaintiff a disclosure regarding the statute of limitations for the alleged subject debt.

21. Specifically, NES told Plaintiff that the age of the subject debt was too old that they would not sue Plaintiff to collect on the outstanding balance.

22. Plaintiff was perplexed by NES's disclosures as she knew that they were attempting to collect a balance not owed by Plaintiff since she settled the subject debt in November of 2018 with Discover directly.

23. Furthermore, Plaintiff informed NES that she had already disputed the alleged subject debt on a prior call and requested that all collection calls cease.

24. NES's reply detailed that there was still a balance owed.

25. Moreover, Plaintiff requested to speak with a manager who then explained that the disputes made by Plaintiff were not proper disputes because Plaintiff only stated that she previously paid off the subject debt

26. Plaintiff was becoming increasingly frustrated by NES and their failure to conduct a proper investigation into Plaintiff's previous disputes.

27. Finally, Plaintiff concluded the call by stating she will not pay the alleged subject debt

and stated that their collection calls were harassing to her.

28. NES asked if Plaintiff would be hiring an attorney shortly before Plaintiff concluded the telephone call.

29. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the subject debt in the amount demanded by Defendant, even though she knew she was not legally obligated to pay the amount demanded.

30. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

31. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

## CLAIMS FOR RELIEF

### COUNT I
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

35. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

36. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

37. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

38. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA §1692c**

39. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop calling her, Defendant continued its onslaught of phone calls with the specific goal of abusing Plaintiff into making a payment on the subject debt not owed.

40. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. The volume of calls shows that Defendant willfully ignored Plaintiff's request that the calls cease with the goal of annoying her into submission.

41. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

    b. **Violations of FDCPA §1692d**

42. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her.

43. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

44. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome.

45. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from February 2022 through the present day to collect on a debt not legally owed by Plaintiff.

    c.    **Violations of FDCPA §1692e**

46. NES violated §1692e when it used false, deceptive and misleading means to collect on the alleged debt not owed by Plaintiff.

47. Specifically, Plaintiff previously settled the subject debt with Discover for $1,600 and had completed a payment in November 2, 2018.

48. As stated above, NES began collecting the alleged subject debt in or around February 2022 despite Plaintiff no longer owing a balance for the alleged subject debt.

49. In addition, NES violated §1692e(2) when it attempted to collect on an alleged debt not legally owed by Plaintiff.

50. Per the settlement agreement reached by Discover and Plaintiff, Plaintiff is not responsible for the full balance requested by NES as she had completed the timely payment as agreed to by the previous settlement arrangement in November 2018.

51. NES violated §1692e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant should have known the ramifications for collecting a debt through deceptive means. Moreover, NES should have known that a settlement arrangement had been concluded on the subject debt once its office obtain the rights to collect the subject account. However, despite being privy to this information NES unlawfully attempted to collect a debt not owed by Plaintiff.

52. As set forth above, Plaintiff's privacy rights were violated by NES's unlawful

collection attempts on a debt not owed.

  **d.**  **Violations of FDCPA §1692f**

53. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

54. NES violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt not owed by Plaintiff. NES's Letter unfairly attempted to collect a balance not owed by Plaintiff. These means employed by Defendant only served to worry and confuse Plaintiff of the potential consequences that could occur if he did not agree to pay the amount demanded by NES.

55. Defendant had enough information to be aware of the fact that it was attempting to collect greater balance of the subject debt than what was actually owed by Plaintiff. Nevertheless, it persisted with its collection campaign in attempting to collect on a debt not owed by Plaintiff, and knew that its conduct was inconvenient and harassing to Plaintiff.

56. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, Mishele H. Sileo, requests the following relief:

  a. A finding that NES violated 15 U.S.C. §§ 1692c(b) and (e);
  b. An award of any actual damages sustained by Plaintiff as a result of NES's violations;
  c. An award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;
  d. An award of costs of this action, together with reasonable attorney's fees as determined by this Court; and
  e. An award of such other relief as this Honorable Court deems just and proper.

## COUNT II:
## Florida Consumer Collection Practices Act (Fla. Stat. §559.72 et seq.)

65. At all times relevant to this Complaint, Plaintiff , was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

66. At all times relevant to this action, Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

67. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

68. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

a. **Violations of FCCPA §559.72(7)**

69. Further, §559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Fla. Stat. § 559.72(7).

70. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff to collect a debt no legally owed after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the Plaintiff after being asked to stop).

b.   **Violations of FCCPA §559.72(9)**

71.   Defendant violated §559.72(9) when it attempted to collect on a debt that was not owed and could not be collected on.

72.   Plaintiff may enforce the provisions of Fla. Stat. §§ 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

73.   Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the Plaintiff.

74.   Defendant's actions were insensitive to Plaintiff's current situation and shows no concern or care to the consumers they service.

**WHEREFORE**, Plaintiff, Mishele H. Sileo, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Enter judgment in Plaintiff's favor and against Defendant;
b.   Enjoin Defendant from further communicating with Plaintiff;
c.   Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
d.   Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
e.   Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
f.   Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77.

DATED: November 4, 2022        Respectfully submitted,

                 Mishele H. Sileo

                 By: */s/ Alexander J. Taylor*

                 Alexander J. Taylor, Esq.
                 *Counsel for Plaintiff*
                 Sulaiman Law Group, Ltd
                 2500 S Highland Ave, Suite 200
                 Lombard, IL 60148
                 Telephone: (630) 575-8181
                 ataylor@sulaimanlaw.com